UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| MICHAEL HENDRIX, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | Case No. CV611-064 |
| | ) | CR609-011 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Michael Hendrix moved to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255, alleging in ground four that his counsel was ineffective for failing to file a direct appeal in his criminal case despite explicit instructions to do so.[1] (Doc. 1 at 21.) The government submitted an affidavit from Hendrix's trial and sentencing attorney, Michael Hube, explaining that Hendrix later withdrew his request to appeal. (Doc. 6-1.) Attached to the affidavit was a letter from

---

[1] "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Because a defendant is entitled to a direct appeal from his conviction as a matter of right, *Rodriguez v. United States*, 395 U.S. 327, 329-30 (1969), "an attorney's failure to file an appeal after the defendant requests him to do so entitles the defendant to an out-of-time appeal, even without a showing that the appeal would have had merit." *Flores-Ortega*, 528 U.S. at 477.

Hendrix explicitly stating that he no longer wished to pursue an appeal. (Doc. 6-1 at 10.)

Pursuant to Rule 7(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court allowed Hendrix thirty days to admit or deny the accuracy of the government's exhibits. (Doc. 7.) Hendrix admitted their accuracy and asked that he be permitted to withdraw "all" claims of his 28 U.S.C. § 2255 motion. (Doc. 8.) The Court generally disfavors § 2255 withdrawals. After all, Hendrix put the government and his former lawyer to the trouble and expense of responding to it. *See Irick v. United States*, No. CV608-099, doc. 15 (S.D. Ga. Oct. 21, 2009) (available at 2009 WL 3401713) (denying request to withdraw § 2255 motion for the same reasons). It has therefore been the Court's practice to decide such motions on the merits, thus triggering § 2255(h)'s bar against successive motions. Any future motion here would most likely be subjected to immediate dismissal as untimely under 28 U.S.C. § 2255(f), however, so the Court sees no reason to deny Hendrix's request.[2]

Accordingly, Hendrix's request to withdraw his § 2255 motion (doc.

---

[2] Judgment was entered on June 15, 2010, and Hendrix did not appeal. Hence, his conviction became "final" under § 2255(f)(1) on June 29, 2010. His filed his § 2255 motion on June 6, 2011.

2

8) should be **GRANTED** and this case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this  12th   day of September, 2011.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA